IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:18CV823 |
| PREMIER EMPLOYEE SOLUTIONS LLC, | ) ) | |
| Defendant. | ) ) | |

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleges that Defendant Premier Employee Solutions LLC ("Defendant") subjected Sarah Isley ("Isley") to a sexually hostile work environment on the basis of her sex, female. In agreeing to resolve this litigation, Defendant denies any wrongdoing or liability. Likewise, the Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

**General Injunctive Provisions**

1.     Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a sexually hostile work environment, or any other protected category within the meaning of Title VII.

2.     Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

**Monetary Relief**

3.     Defendant shall pay Sarah Isley the sum of Thirty-Four Thousand Dollars and Zero Cents ($34,000.00) in settlement of the claims raised in this action. This sum shall be allocated as follows:

      a.     a check payable to Sarah Isley, in the gross amount of Twenty-Three Thousand Eight Hundred Dollars and Zero Cents ($23,800.00), as non-economic, compensatory damages from which the Company shall make no withholdings. The Company shall report this amount on a Form 1099; and

2

       b.     a check in the gross amount of Ten Thousand Two Hundred Dollars and Zero Cents ($10,200.00) shall be made payable as attorney's fees and costs to Isley's legal counsel, Garrett and Walker, PLLC (Tax ID Number 21-1749570). The Company will issue Form 1099s as required by governing law.

Payment shall be made within ten (10) business days after the Court approves this Consent Decree, and Defendant shall send the checks to Isley's legal counsel. Within ten (10) business days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of delivery. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Isley may or may not incur on such payments under local, state and/or federal law.

### Specific Injunctive Relief

4.     Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Isley any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 435-2016-00652 and the related events that occurred thereafter, including this litigation. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.     Defendant shall provide Isley with a standard neutral letter of reference using the form attached hereto as **Exhibit A**. This neutral letter of reference will provide only Isley's dates of employment, last pay rate, and last position held. Within ten (10) business

3

days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Isley at an address provided by the Commission. Isley is free to disseminate the letter to potential employers. Defendant agrees that if any Defendant manager or supervisor receives any inquiry about Isley from a potential employer, it will provide only the information set forth in the letter of reference in response (i.e., dates of employment, last pay rate, and last position held).

6. Defendant has a written Harassment/EOE Policy. Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall revise its written Harassment/EOE Policy in the following ways:

a. The policy shall include an explanation of Title VII, including its prohibitions against sexual harassment and retaliation in the workplace;

b. The policy shall include clear, detailed procedures for reporting potential sexual harassment, to include a dedicated phone number and dedicated email address for such reports, both of which shall be monitored by Defendant;

c. The policy shall include a procedure for the thorough and immediate investigation of employee complaints of sexual harassment; and

d. Remove any reference to a federal statute of limitations and, instead, include a statement that there are strict time limits for filing charges of employment discrimination, with a reference to the EEOC's website, https://www.eeoc.gov/, and the EEO is the Law poster that employers are required to post in the workplace.

Defendant shall distribute to each current employee of Defendant employed at the Whitsett facility and the Greensboro facility a copy of the revised Harassment/EOE Policy within fifty (50) calendar days of the entry of the Consent Decree by the Court. Within fifty-five (55) calendar days of the entry of this decree, Defendant shall report compliance to the

4

Commission. During the term of this Consent Decree, Defendant shall distribute the revised Harassment/EOE Policy to all new employees assigned to work at the Whitsett facility and review it with them at the time of hire.

**Posting and Other Notice to Employees**

7.  During the term of this Consent Decree, Defendant shall post a copy of the revised Harassment/EOE Policy described in paragraph 6, *supra*, at the following facilities: (a) Defendant's Greensboro, North Carolina facility; and (b) Defendant's client's Whitsett, North Carolina facility where Isley was previously employed (the "Whitsett facility"). In each facility, the policy will be posted in a place that is clearly visible to Defendant's employees who are employed at those facilities. Defendant has confirmed its authority to post the policy in a place where it is clearly visible to Defendant's employees at the Whitsett facility. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within thirty-five (35) calendar days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8.  Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, at the following facilities: (a) Defendant's Greensboro, North Carolina facility; and (b) the Whitsett facility. In each facility, the notice will be posted in a place that is clearly visible to Defendant's employees who are employed at those facilities. Defendant has confirmed its authority to post the notice in a place that is clearly visible to Defendant's employees at the Whitsett facility. If the notice becomes

5

defaced or unreadable, Defendant shall replace it by posting another copy of the notice. Within thirty-five (35) calendar days after entry of this Consent Decree, Defendant shall notify the Commission that the notice has been posted pursuant to this provision.

### Training

9.     During the term of this Consent Decree, Defendant shall provide an annual Respectful Workplace Anti-Harassment and Discrimination Training program to all of Defendant's managers, supervisors and employees who work at the following facilities: (a) Defendant's Greensboro, North Carolina facility; and (b) the Whitsett facility.  Each training program shall include an explanation of the requirements of Title VII and its prohibition against sexual harassment and retaliation in the workplace.  Each training program shall also include an explanation of Defendant's revised Harassment/EOE Policy referenced in paragraph 6, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred-twenty (120) days after entry of this Consent Decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least thirty (30) calendar days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within fifteen (15) calendar days of submission of the agenda.

All persons attending the aforementioned training shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company.

6

Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with either (a) a roster of all employees in attendance, or (b) a copy of each signed acknowledgement of attendance.

## Reporting

10.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The scope of the reports is limited to comments and conduct alleged to have occurred at the Whitsett facility. The reports will include the following information:

> A.     If the identity of the complainant is known, Defendant shall provide the identity of each individual who at any time during the reporting period complained to Defendant about sex-based conduct or comments, including by way of identification each person's full name, last-known address, last-known phone number, and last-known email address;

> B.     For each individual identified in response to ¶ 10(A), above, provide the name and job title of the person whose conduct or comments were the subject of the report, the date of the report, the name of the individual to whom the individual reported, a detailed description of the conduct or comments that were the subject of the report, and a detailed description of any action Defendant took in response to the report;

> C.     For each individual identified ¶ 10(A), above, state whether the individual's employment status has changed in any respect (for example, including but not limited to, reassignment, termination, firing, demotion, promotion, or to part-time from full-time), and provide a detailed explanation for the employment status change; and

> D.     If the complaint was made anonymously, Defendant shall provide the name and job title of the person whose conduct or comments were the

7

subject of the report, the date of the report, the name of the individual to whom the individual reported, a detailed description of the conduct or comments that were the subject of the report, and a detailed description of any action Defendant took in response to the report.

Defendant shall provide the social security number of an individual identified in response to ¶ 10(A) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11.     The Commission may review compliance with this Consent Decree.  As part of such review:

      a.     With respect to Defendant's Greensboro, North Carolina facility, the Commission may, after providing five (5) calendar days notice to the individual identified in paragraph 14 below, examine and copy hard copy documents that relate to compliance with this decree.

      b.     With respect to electronically stored documents that relate to compliance with this decree, including but not limited to records of or pertaining to Defendant's employees assigned to work at the Whitsett facility:

            i.   within five (5) calendar days of a request by the Commission, Defendant shall produce for interview a representative knowledgeable about Defendant's electronically stored documents; and

            ii.  within five (5) calendar days of a request for categories of or specific electronic documents, Defendant shall produce the requested documents to the Commission in a mutually agreeable format.

      c.     As part of the review for compliance with the posting provisions contained in paragraphs 7 and 8, above, the Commission may inspect Defendant's Greensboro, North Carolina facility without notice.

      d.     With respect to interviewing employees of Defendant currently employed at Defendant's Greensboro, North Carolina facility; currently assigned to the Whitsett facility; and/or current employees

8

previously assigned to the Whitsett facility: within five (5) calendar days of a notification of intent to interview made to the individual identified in paragraph 14, below, Defendant shall produce all employees identified by the Commission for interview at Defendant's Greensboro, North Carolina facility.

e.   For purposes of inspecting the Whitsett facility for the postings required by paragraphs 7 and 8, above, upon receipt of a request to inspect sent by the Commission to the individual identified in paragraph 14, below, Defendant shall coordinate the access of Commission representatives to the Whitsett facility with Defendant's client. Defendant shall arrange for the Commission's inspection of the Whitsett facility to occur within ten (10) business days of the date of the Commission's request to inspect.

12.   If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) calendar days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) calendar days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.   The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14.   All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Kevin J. Klein at mailto:riskmanagement@thepremierpride.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the

9

Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

15.    All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

16.    Each party shall bear its own costs and attorney's fees.

17.    This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This, the 25th day of March, 2019.

United States District Judge

10

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**
Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**s/ *Lynette A. Barnes***
LYNETTE A. BARNES (NC Bar
#19732)
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
E-mail: lynette.barnes@eeoc.gov

KARA GIBBON HADEN
Supervisory Trial Attorney

**s/ *Rachael S. Steenbergh-Tideswell***

RACHAEL S. STEENBERGH-
TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**PREMIER EMPLOYEE SOLUTIONS
LLC,**
Defendant

**s/ *Jerry H. Walters, Jr.***
Jerry H. Walters Jr., Esq.
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Office: 704.972.7013
Fax: 704.333.4005
jwalters@littler.com

**ATTORNEYS FOR DEFENDANT**

11



Premier Employee Solutions

To Whom It May Concern:

This letter will confirm that Sarah Isley worked for Premier Employee Solutions LLC ("Premier") from January 20, 2016, to May 26, 2016. During her employment with Premier, Ms. Isley was assigned to work as a production worker at Del Monte Fresh Produce. Ms. Isley's rate of pay was $8.25 per hour.

Sincerely,

Kevin Klein
(917) 922-0523 Phone
kklein@thepremierpride.com

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C.A. No.: 1:18-cv-00823-LCB-LPA |
| Plaintiff, | ) ) | |
| v. | ) ) | **EMPLOYEE NOTICE** |
| PREMIER EMPLOYEE SOLUTIONS LLC, | ) ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Premier Employee Solutions LLC ("Premier") in a case of alleged discrimination based on sex. Specifically, the EEOC alleged Premier discriminated against Sarah Isley by subjecting her to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, Premier agreed to pay monetary damages to Isley, and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Premier will comply with such federal law in all respects. Furthermore, Premier will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the EEOC.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 2021.**